**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Reverend NAAMAN L. LAUDERDALE,

    Plaintiff,

vs.

STATE FARM BANK AND REPRESENTATIVES, Bloomington, Illinois,

    Defendants.

No. C 05-0379 PJH (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner, filed a pro se complaint on a form for Section 1983 claims, naming the State Farm Bank and its employees as defendants. The court dismissed the complaint with leave to amend to allege the facts of what happened, and facts which would show that the private defendants were acting under color of state law. In his amendment plaintiff contends that defendants violated his due process rights by misrepresenting the facts of a business account he had with the bank, and that representatives of the bank committed perjury, all resulting in his current conviction. His claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-487. A claim for damages arising from a conviction or sentence that has not been so invalidated is

not cognizable under § 1983.  *Id.*

Plaintiff's claims implicate his conviction; therefore, this complaint fails to state a cognizable claim under § 1983 and must be dismissed.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (claims barred by *Heck* may be dismissed sua sponte without prejudice).

## CONCLUSION

For the foregoing reasons, plaintiff's claims are **DISMISSED** without prejudice to asserting them in a new case if a cause of action ever accrues.[1]  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 29, 2006.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.05\LAUDERDALE379.DSM

---

[1] "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489-90 (footnote omitted).